UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SETH B., BY THROUGH HIS PARENTS AND NEXT FRIENDS, DONALD AND CHERYL B., ET AL. | CIVIL ACTION |
| VERSUS | NO:   14-1857 |
| ORLEANS PARISH SCHOOL BOARD | SECTION: "F" (4) |

### ORDER

Before the Court is Plaintiffs', Seth B. and his parents Donald and Cheryl B., **Motion to File an Amended Complaint** (**R. Doc. 10**), seeking leave of court to file an amended complaint. The motion is opposed. *See* R. Doc. 13. The motion was heard for oral argument on Wednesday, March 4, 2015.

**I.      Background**

This action is brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C § 1400 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C § 794, and the American's with Disabilities Act ("ADA"), 42 U.S.C § 12101 et seq. Plaintiff, Seth B., is an eighteen (18) year old who is diagnosed with autism and serious emotional disturbance. *See* R. Doc. 10-2, at 3. Plaintiffs allege that due to Seth's complicated child psychiatry and developmental history, he has been hospitalized on a short-term basis (5-10 days) in Louisiana on numerous occasions. *Id.* at 4.

Plaintiffs allege that Seth was assigned to attend the New Orleans Charter High School for Science and Math under his Individualized Education Plan (IEP) for the 2013-2014 and 2014-2015 school year. *Id.* at 4. Plaintiffs allege that in early 2014 they received a psychiatric recommendation for Seth to be admitted into a long-term mental treatment facility. *Id.* at 5. Plaintiffs allege that they searched for a facility that specializes in adolescents with

developmental disorder in this region of the country, but were not able to locate a facility. *Id.* As a result, Plaintiffs allege that Seth was placed in Rogers Memorial Hospital ("Rogers") in Oconomowoc, Wisconsin on March 5, 2014. *Id.*

Plaintiffs allege that they requested that the school district provide Seth with hospital or homebound services[1] while he was at Rogers so that he could adhere to his treatment plan, keep up with is work, and make progress on his IEP. *Id.* at 5-6. Plaintiffs allege that the School Board sent them a letter on April 7, 2014 stating that Seth was being removed from his educational program and denying his parents' request for homebound/hospital services while Seth was hospitalized in Wisconsin. *Id.* at 6. Plaintiffs allege that as a result of the School Board removing Seth from his education program and denying him homebound/hospital services, Seth suffered significant emotional and psychiatric setbacks that include an extension of his hospitalization, Seth not being discharged until April 29, 2014, and Seth having to return to Rogers on December 3, 2014.

Prior to Seth returning to Rogers on December 3, 2014, they had a due process hearing in May 2014 conducted by the Division of Administrative Law, the entity designated by the State of Louisiana to conduct hearings pursuant to the IDEA. *See* R. Doc. 15-2, at 2. The Administrative Law Judge ("ALJ") rendered his decision on May 15, 2014, dismissing the Plaintiffs' hearing request on the grounds that the tribunal lacked subject matter jurisdiction over the issue of whether Seth met the residency requirements at the time of his removal from his education program because the matter is an issue pursuant to the Louisiana Compulsory School Attendance Law, which is not within jurisdiction of the tribunal. *Id.*

---

[1] Plaintiffs allege that the services they sought for Seth were similar to the services provided by the School Board for students who are temporarily unable to attend school as a result of serious injury or illness.

2

Plaintiffs initiated this action on August 14, 2014 seeking an appeal of the ALJ's adverse decision and seeking (1) a declaratory judgment that the School Board's actions were in violation of the IDEA, section 504 of the Rehabilitation Act, and the ADA; (2) injunctive relief requiring the School Board to refrain from taking any steps of removing Seth from the rolls of his school; and (3) compensatory damages. *See* R. Doc. 1, at 8-9.

In the instant motion, the Plaintiffs request leave of court to file an amended complaint to add (1) a request that this Court remand the case to the Division of Administrative Law for a hearing on the merits of Plaintiffs' claims; (2) clarification of Plaintiffs' legal claims; (3) facts that have occurred since the filing of the compliant in August 2014; and (4) minor editorial corrections throughout. *See* R. Doc. 15-1, at 1. The amendment deadline was February 14, 2015 and the Plaintiffs timely filed the instant motion on February 13, 2015.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal and lenient amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).  Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir.

1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id*.

Leave to amend is by no means automatic, but is within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). In exercising its discretion, the trial court must determine that there is a "substantial reason" for the delay. *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 425 (5th Cir. 2004). The Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

### III.   Analysis

Plaintiffs filed the subject motion for leave to amend its complaint on February 13, 2015, which is one day before the February 14, 2015 amendment deadline set forth in the Scheduling Order. *See* R. Doc. 8. As such, the Court will apply the liberal and lenient amendment policy of Rule 15(a) to the subject motion. Under Rule 15(a), the Court will consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Mitchell*, 634 F.2d at 203.

Since this is the Plaintiffs' first attempt to amend their complaint, factor two is not applicable and the Court will only consider factors one, three, and four.

### A.     <u>Undue Delay, Bad Faith, or Dilatory Motive on the Part of the Movant</u>

Plaintiffs argue that they have not been unduly delayed in filing this motion because they filed their motion on February 13, 2015, a date that is within the 30 day time-frame authorized by the Scheduling Order. *See* R. Doc. 10-1, at 2; R. Doc. 15-1, at 4. Plaintiffs further argue that there is no bad faith or dilatory motive in seeking the amendment because the new facts alleged in the amended complaint occurred after the original complaint was filed in August 2014 and are the result of the School Board's repeated adverse actions against Seth. *See* R. Doc. 15-1, at 5.

In opposition, the School Board argues that a grant for a motion to amend is not automatic and that the Plaintiffs could only amend their complaint as a matter of course no later than January 8, 2015. *See* R. Doc. 13, at 2. The School Board contends that the Plaintiffs are dilatory because they waited three and a half months to serve them with the original complaint and then waited until the day before the amendment deadline in the Scheduling Order to file a motion to amend. *Id.* The School Board argues that the Plaintiffs have not presented any valid reason to justify their delay. *Id.*

Delay alone does not justify denial of a motion to amend. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Rather, denial of a motion under Rule 15(a) is appropriate where the delay is "undue" in that it prejudices the nonmoving party or places an unfair burden on the Court. *Mayeaux*, 376 F.3d at 427 (citing *Dussouy v. Gulf coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981); *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984), *cert denied*, 469 U.S. 1122, 105 S. Ct. 8069888 (1985). Although Rule 15(a) does not impose a time limit "for permissive amendment, 'at some point, time delay on the part of a plaintiff can be procedurally fatal.'" *Smith v. EMC Corp*., 393 F.3d 590, 595 (5th Cir. 2004) (citing *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992)) (quoting *Mitchell*, 634 F.2d at 203). In such a situation, the

plaintiff bears the burden of showing that delay to be "'due to oversight, inadvertence, or excusable neglect.'" *Id.* (citing *Whitaker*, 963 F.2d at 836) (quoting *Mitchell*, 634 F.2d at 203).

Here, the Plaintiffs were not delayed in seeking their amendment. The School Board contends that the Plaintiffs were delayed in serving them the complaint because the complaint was filed in August 2014 and they were served in December 2014. However, the Plaintiffs served the School Board within the 120 days required by the Federal Rules and were not delayed. The School Board further contends that the Plaintiffs are untimely and that they had until January 8, 2015 to timely amend the complaint, but this is inaccurate. The Scheduling Order set the amendment deadline as February 14, 2015 and the Plaintiffs filed their motion for leave to amend on February 13, 2015. The Plaintiffs were not delayed in filing the subject motion under Rule 15(a), which is the proper rule to consider a motion for leave to amend that is filed within the amendment deadline.

  **B.**  **Undue Prejudice to the Opposing Party**

Plaintiffs contend that the amendment would not cause undue prejudice to the School Board because discovery has just begun and the amendment will not affect the nature or scope of the discovery in this case. *See* R. Doc. 10-1, at 2. Plaintiffs argue that they only allege a few additional facts and that all relate to the same policies and practices that were implicated in the initial complaint. *See* R. Doc. 15-1, at 9.

In opposition, the School Board argues that it would be prejudiced because it will have to file an amended answer and defenses with the additional expenditures of limited public funds. The School Board additionally argues that the new issues, alleged facts, and requests for relief will equate to new discovery issues. *See* R. Doc. 13, at 3.

The touchstone of the inquiry under Rule 15(a) is whether the proposed amendment would unfairly prejudice the defendant by denying it notice of the nature of the complaint.

*Lowrey v. Texas A & M University*, 117 F.3d 242, 246 (5th Cir. 1997). A defendant is prejudiced if an added claim would require the defendant "to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court." *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

Here, the amendments do not vastly broaden the scope of the case and do not change the nature of the action. The Plaintiffs allege additional facts but the new facts are similar to the facts alleged in the original complaint. One significant difference in the new facts is that they derive from events that occurred after the complaint was originally filed in August 2014, but they are based on the same causes of action and the trier of fact will need to make the same determination, which is whether the School Board violated the IDEA, Section 504 of the Rehabilitation Act, and the ADA when it removed Seth from his education program and denied him homebound/hospital services. Therefore, the Court finds that the School Board is not prejudiced.

### C.   Futility of the Amendment

The School Board does not directly argue that the motion to amend is futile but notes in a footnote that the additional facts, namely Seth's return to Rogers in December 2014 and the School Board's second denial of homebound/hospital services, were not the subject of the administrative hearing in May 2014. *See* R. Doc. 13, at 3 n.9. The School Board argues that these new allegations are subject to administrative exhaustion under the IDEA, 20 U.S.C. § 1415(l).

Plaintiffs argue that they are not required to raise the same claims again in a due process hearing before the ALJ because the ALJ already dismissed their complaint for lack of subject matter jurisdiction. *See* R. Doc. 15-1, at 8. Plaintiffs cite to *Heldman v. Sobol*, 962 F.2d 148 (2d Cir. 1992), for the proposition that there is a recognized exception to the exhaustion of IDEA

claims, which include futility, a challenge to a policy of general applicability, and inadequacy of relief. *Id.* at 9 n.5.

A court may deny a motion for leave to amend where "the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (emphasis added). Where viability of a claim is at least facially possible, futility does not provide grounds for granting an amendment. *See Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 353–54 & n. 6 (5th Cir. 2011).

Here, the proposed amendment will not be futile unless the Plaintiffs demonstrate that the new allegations against the School Board have been administratively exhausted[2] or that exhaustion of administrative remedies would be futile or inadequate. *See Honig v. Doe*, 484 U.S. 305 (1988). The Plaintiffs do not allege that they sought a due process hearing for the School Board's second denial of homebound/hospital services for Seth's visit to Rogers in December 2014. Therefore, the Plaintiffs carry the burden of proving that they did not exhaust administrative remedies because it would be futile or inadequate.

The Plaintiffs imply that it would have been futile to pursue administrative remedies since the ALJ said he did not have jurisdiction over the first denial of homebound/hospital services. Exhaustion "may be bypassed in situations with systematic violations that a hearing officer would have no power to correct." *Papania-Jones v. Dupree*, 275 F. App'x 301, 304 (5th Cir. 2008) (citing *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 113 (2d Cir. 2004)). "To establish futility, a plaintiff 'must demonstrate that adequate remedies are not reasonably available or that the wrongs alleged could not or would not have been corrected by resort to the

---

[2] Under 20 U.S.C. § 1415, there is a three step process to address a complaint or violation of the IDEA. The first step is having a due process hearing pursuant to 20 U.S.C. § 1415(f), which is conducted by an ALJ in the state of Louisiana. A complainant may appeal the ALJ's decision to the "State educational agency" pursuant to 20 U.S.C. § 1415(g). After the appeal to the state agency, the complainant has a right to bring a civil action pursuant to 20 U.S.C. § 1415(i).

administrative hearing process.'" *Tristan v. Socorro Indep. Sch. Dist.*, 902 F. Supp. 2d 870, 880 (W.D. Tex. 2012) (quoting *M.L. v. Frisco Indep. Sch. Dist.*, 451 F. App'x 424, 428 (5th Cir. 2011)).

The Court finds that the issue of subject matter jurisdiction, which was the basis of the ALJ's dismissal of the first complaint, would bar the ALJ from hearing the new allegations because the new allegations share similar facts to the previous allegations. Thus, it follows that if the Plaintiffs sought to exhaust their administrative remedies the ALJ would once again dismiss the complaint for lack of subject matter jurisdiction. Therefore, it would be futile for the Plaintiffs to exhaust their administrative remedies and the Plaintiffs are not required to exhaust administrative remedies prior to filing the new allegations in federal court.

## IV.     Conclusion

Based on the foregoing, the Court finds that the Plaintiffs satisfy the requirements under Rule 15(a) because their motion for leave of court to amend their complaint is not delayed, does not unduly prejudice the School Board, and is not futile. As such,

**IT IS ORDERED** that Plaintiffs' **Motion to File an Amended Complaint (R. Doc. 10)** is **GRANTED.**

New Orleans, Louisiana, this 14th day of April 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**